IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MINGO LOGAN COAL, LLC,**
**Employer Below, Petitioner**

**FILED**
**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-246**          (JCN: 2023014531)

**BRADLEY RAY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mingo Logan Coal, LLC, ("MLC") appeals the May 16, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Bradley Ray did not file a response.[1] The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim and denied authorization for a lumbar MRI. The Board also remanded the claim with instructions for the claim administrator to enter protestable orders addressing the compensability of the diagnoses of radiculopathy and L5-S1 disc herniation.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 23, 2023, while employed by MLC, Mr. Ray was operating a shuttle car when it hit a bump, causing back pain. Mr. Ray reported that his back continued to hurt while he was at work on January 24, 2023. On January 25, 2023, Mr. Ray reported that he was running a shuttle car, and his back was still bothering him, so he asked his foreman if he could run the roof bolter so he could stand up for a while. Mr. Ray indicated that the pain worsened when he was handling the roof bolter cable.

Mr. Ray was seen at Hill Chiropractic Center on January 26, 2023. Mr. Ray described the pain as an acute dull and aching discomfort located in the lumbar, left sacroiliac, right sacroiliac, left posterior pelvis/hip, left buttock, left posterior thigh, left calf, and left plantar foot regions after a work injury. Mr. Ray denied previous episodes of this condition. Brian Mallory, DC, diagnosed sprain of lumbar ligaments, radiculopathy,

---

[1] MLC is represented by Jeffrey B. Brannon, Esq. Mr. Ray did not appear.

lumbosacral region, with probable disc injury. Dr. Mallory ordered a lumbar MRI due to signs of possible disc herniation. Dr. Mallory noted that Mr. Ray reported that his injury was definitely work related although there was not a specific incident other than his back pain began to worsen when operating equipment. Dr. Mallory removed Mr. Ray from work pending the MRI.

On January 27, 2023, Mr. Ray returned to Dr. Mallory. Mr. Ray indicated that his complaints had stayed the same since the last visit. Mr. Ray stated that on January 25, 2023, he was running a shuttle car, and his back was still bothering him. Mr. Ray completed an Employees' and Physicians' Report of Occupational Injury or Disease ("WC-1") form, dated January 28, 2023, in which he reported an injury to his lower back and leg occurring on January 25, 2023. Medical personnel from Hill Chiropractic signed the WC-1 form on January 26, 2023, and indicated that the date of initial treatment was January 26, 2023, the body part injured was lumbar spine, with a "possible herniated disc in lumbar spine causing right leg weakness."

Mr. Ray again returned to Dr. Mallory on January 30, 2023, and reported that his complaints remained the same since the last visit. Also, Mr. Ray indicated that he had to go to the ER over the weekend and a CT scan was done, revealing a disc bulge/osteophyte complex at L5-S1. Mr. Ray underwent an MRI of his lumbar spine on February 3, 2023, revealing left paracentral disc herniation at L5-S1, which contacts and displaces the nerve roots from the left lateral recess resulting in mild-to-moderate spinal stenosis and mild bilateral neural foraminal narrowing.

Jerry Mann, an employee of MLC, signed a statement dated January 30, 2023. Mr. Mann stated that on January 25, 2023, dispatcher Adam Ooten called him and indicated that an employee, Mr. Ray, was coming outside due to back pain. Mr. Mann further stated that once Mr. Ray got to the surface, he laid down in the first aid room. Mr. Mann indicated that Mr. Ray stated that the previous day on January 24th, his back started bothering him and causing him some pain. Mr. Mann stated that Mr. Ray indicated nothing happened as far as an accident, but that his back just started hurting.

MLC introduced a copy of a document, which was referenced as a recorded statement of the claimant. The document does not include information regarding who obtained the statement nor the date the statement was obtained. The statement was transcribed on February 10, 2023. Mr. Ray stated that he worked as a shuttle car operator and his hire date for the employer was September 13, 2021. Although he was not sure of the date and time of the injury, Mr. Ray indicated that his pain started on the previous Monday, the 23rd of January, and it continued over the course of three days. Further, Mr. Ray explained that his injury occurred because the shuttle car goes back and forth from the mine, and it runs over uneven, bumpy areas that are jarring. Mr. Ray explained that repeated blows made his injury worse. Mr. Ray stated that when he exited the mine, the

2

safety director and his supervisor told him that it was his sciatic nerve. Mr. Ray noted that he had never had similar back pain or symptoms, and he denied any prior workers' compensation claims, motor vehicle accidents, or sports injuries of any kind.

On February 7, 2023, Mr. Ray was seen by Melissa Fletcher, M.D. Mr. Ray reported that he was having back pain due to a bulging and herniated disc. Dr. Fletcher assessed lumbar radiculopathy. Mr. Ray returned to Dr. Mallory on February 8, 2023, and February 15, 2023. During his visit on February 15th, Mr. Ray reported that his back pain had improved since the last visit, but his leg was still numb and painful. Dr. Mallory noted that, after talking more with Mr. Ray, "[h]e describes the day that he was hurt as follows: [h]e was operating a buggy and hit a bump, causing the low back to hurt. He then asked to be switched and began doing other tasks like bolting top. He later pulled on a cable and said that the back was pretty severe at that time. That is when he said he couldn't do it any longer and asked to be taken out for the day." Mr. Ray returned to Dr. Mallory on February 24, 2023, and he reported that his pain had worsened since the last visit.

Mr. Ray was evaluated at MH Neurosurgery Clinic on March 20, 2023. Mr. Ray reported that he worked in the coal mine and was on a coal truck when he got jarred while in the car, and after the incident, he began experiencing severe left buttock, hip, lateral thigh, and lateral shin pain that radiated all the way down into the foot, and he had a throbbing sensation and numbness on the lateral aspect of his foot and the outside of the toes. Rachel Beirne, APRN-FNP-BC, assessed left leg radiculopathy and an L5-S1 left disc herniation. On March 21, 2023, Heather Dover, M.D., performed surgery for the diagnoses of lumbar radiculopathy nerve root L5-S1 and herniated lumbar disc L5-S1. The procedures performed were laminotomy with decompression of nerve root due to herniated disc, left side.

Mr. Ray returned to MH Neurosurgery Clinic on April 3, 2023, and May 1, 2023, for follow-up after the L5-S1 discectomy. During his visit on May 1, 2023, Mr. Ray indicated that he was doing well, and his pain had completely resolved since surgery, but he continued to have residual numbness in his left foot. Mr. Ray was referred for an evaluation with physical therapy. Britni Courts, NP, from MH Neurosurgery Clinic completed a Diagnosis Update form dated June 5, 2023. The primary diagnosis was status-post lumbar microdiscectomy and the secondary condition was herniated nucleus pulposus L5-S1.

On May 16, 2024, the Board reversed the claim administrator's order, which rejected the claim and denied authorization for an MRI. The Board also remanded the claim with instructions for the claim administrator to enter protestable orders addressing the compensability of the diagnoses radiculopathy and L5-S1 disc herniation. The Board found that Mr. Ray established by competent evidence that he sustained a lumbar sprain in the course of and resulting from his employment on January 23, 2023. The Board further found

3

that a lumbar MRI was reasonable and necessary treatment for the compensable lumbar strain. MLC now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, __W. Va. __, 905 S.E.2d 528 (2024).

MLC argues that the pain Mr. Ray experienced may have occurred in the course of his employment, but it did not result from his employment because he did not identify a definite, isolated, fortuitous occurrence leading to an injury. MLC further argues that "because the claim was properly denied, the denial of the MRI was proper." We disagree.

"Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment." *Barnett v. State Workmen's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970);" *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006).

Here, the Board found that Mr. Ray established by competent evidence that he sustained a lumbar sprain in the course of and resulting from his employment on January 23, 2023. The Board noted that Mr. Ray's recorded statement, Mr. Mann's statement, the

4

medical treatment records, and the WC-1 form, indicate that Mr. Ray suffered a low back injury occurring at work on January 23, 2023. The Board further found that the evidence establishes a lumbar MRI is reasonable and necessary treatment for the compensable injury.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Ray established that he sustained a lumbar sprain in the course of and resulting from his employment on January 23, 2023. As the Board noted, on January 26, 2023, Dr. Mallory indicated that Mr. Ray was injured while operating a shuttle car. The Board also observed that on February 15, 2023, Mr. Ray provided additional information to Dr. Mallory and explained that he hit a bump while operating a buggy, causing his back to hurt so much that he requested a different job task, and he began bolting top. While doing the alternate task, his back became more painful, and he reported that he could not work any longer. Based on the evidence of record, the Board determined that Mr. Ray suffered a work-related injury on January 23, 2023, and we do not find the Board was clearly wrong in doing so. Further, we conclude that the Board was not clearly wrong in finding that a lumbar MRI is reasonable and necessary treatment for the compensable injury. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

Accordingly, we affirm the Board's May 16, 2024, order and, further, vacate the stay granted by this Court on August 12, 2024.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear