# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SHARON SMITH,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-238**  (JCN: 2024003198)

**CONSTELLIUM US HOLDING I, LLC,**
**Employer Below, Respondent**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Sharon Smith appeals the May 17, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Constellium US Holding I, LLC, ("Constellium") filed a timely response.[1] Ms. Smith did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 10, 2023, while employed by Constellium, Ms. Smith sustained an injury to her left knee when she was walking down a hallway, felt a pop in her knee, and immediately developed pain in her knee. On the same day, Ms. Smith was seen by Dean Kerenick, M.D., at Jackson General Hospital. Ms. Smith reported that following the injury she was unable to move or put any weight on her left knee without significant pain. Ms. Smith stated that she previously had some mild arthritis in the left knee for which she had received injections. X-rays of the left knee revealed degenerative changes and no evidence of an acute injury. Ms. Smith's left knee was placed in an immobilizer, and she was given crutches. The assessment was sprain of the lateral collateral ligament of the left knee.

Ms. Smith completed an Employees' and Physicians' Report of Occupational Injury or Disease dated September 10, 2023, indicating that she sustained an occupational injury to her left knee on August 10, 2023. The physician's portion of the report was completed

---

[1] Ms. Smith is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Constellium is represented by James W. Heslep, Esq.

1

by a medical provider at Jackson General Hospital and indicated that Ms. Smith had sustained an occupational injury resulting in a left knee sprain. On October 27, 2023, the claim administrator issued an order rejecting the claim. Ms. Smith protested this order.

On January 3, 2024, Ms. Smith underwent left knee arthroscopy with partial medial meniscectomy, chondroplasty, debridement, and partial synovectomy. The operative report noted that surgery was offered after an MRI revealed a complex medial meniscal tear. The post-operative diagnosis was left knee complex medial meniscus tear and left knee tricompartmental degenerative changes.

Ms. Smith was deposed on January 31, 2024, and she testified that she is employed by Constellium as a janitor. According to Ms. Smith, she had knee pain due to pre-existing arthritis for four or five days prior to August 10, 2023. Ms. Smith further testified that on August 10, 2023, her knee pain increased while she was cleaning restrooms and a breakroom. Ms. Smith stated that she was later walking to the breakroom for a meal when she heard a pop in her left knee and immediately developed pain in her left knee. Ms. Smith testified that she was not carrying, pushing, or pulling anything at the time her knee popped, nor did she slip or trip on anything. Ms. Smith stated that she underwent arthroscopic surgery on her left knee in January 2024 for a meniscal tear. Ms. Smith testified that she had arthritis in her left knee and had experienced aching in the left knee for many years.

On May 17, 2024, the Board affirmed the claim administrator's order, which rejected the claim. The Board found that Ms. Smith failed to establish that her injury resulted from her employment. Ms. Smith now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Smith argues that because she began to experience pain in her left knee while performing her janitorial duties, as opposed to simply walking down the hallway, her injury occurred in the course of and resulting from her employment. We disagree.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

The Board found that Ms. Smith failed to establish by a preponderance of evidence that she sustained an injury resulting from her employment. The Board noted that there was no evidence to suggest that Ms. Smith's employment created an increased risk of injury. The Board further noted that Ms. Smith was not carrying, pushing, or pulling anything at the time her knee popped, and she testified that she did not trip, slip, or stumble over anything.

The Board correctly found that Ms. Smith was not performing an activity which created an increased risk of injury when her knee popped. *See Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 894 S.E.2d 890 (2023). *See also Kittle v. ACNR Res. Inc.*, 22-ICA-204, 2023 WL 3167482, (Ct. App. 2023). Moreover, Ms. Smith testified that she had knee pain for several days before August 10, 2023. Therefore, it is reasonable to conclude that the knee pain earlier in her shift was not caused by work activities. Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Smith failed to establish by a preponderance of the evidence that she sustained an injury resulting from her employment. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

Accordingly, we affirm the Board's May 17, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

3

Judge Charles O. Lorensen
Judge Daniel W. Greear


Chief Judge Thomas E. Scarr, not participating