# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LETINA CARTER,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-283**        (JCN: 2023022970)

**HUMANA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Letina Carter appeals the June 11, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Humana, Inc. ("Humana") filed a timely response.[1] Ms. Carter did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 30, 2023, Ms. Carter was seen at MedExpress by Jacqui Hill, FNP-BC. Ms. Carter reported that she thought she twisted her right knee when standing up from a sitting position on a very low sofa in a client's home. Ms. Carter underwent a right knee x-ray on the same day revealing no evidence of fracture, but degenerative changes were noted. FNP Hill diagnosed a right knee sprain and completed a Workers' Compensation Duty Form dated May 30, 2023, restricting Ms. Carter to modified duty.

Ms. Carter completed an Employees' and Physicians' Report of Occupational Injury or Disease dated May 30, 2023. The physician's portion of the application was completed by FNP Hill at MedExpress, who diagnosed a right knee sprain as a result of an occupational injury and said the injury aggravated degenerative joint disease. On June 6, 2023, Ms. Carter returned to MedExpress and was seen by Abdul Khan, M.D., who diagnosed a right knee sprain. Dr. Khan completed a Workers' Compensation Duty Form dated June 6, 2023, restricting Ms. Carter to modified duty.

---

[1] Ms. Carter is represented by Reginald D. Henry, III, Esq., and Lori J. Withrow, Esq. Humana is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

On June 11, 2023, Ms. Carter returned to MedExpress and was seen by Miranda Rose, M.D. Dr. Rose reported that Ms. Carter exhibited normal range of motion in her right knee with no obvious or palpable swelling or effusion. However, she did note some medial joint line tenderness with palpation. Dr. Rose signed a Workers' Compensation Duty Form indicating that Ms. Carter was still restricted to modified duty. On June 25, 2023, Ms. Carter said her knee had improved, and Dr. Rose signed a Workers' Compensation Duty Form indicating that she could return to full duty.

On December 7, 2023, Ms. Carter was deposed and she testified that on May 26, 2023, she sat down on a patient's sofa to do an intake interview. Ms. Carter further testified that the sofa was low to the floor and when she started to get up, she pushed herself up with her hands and arms and when she stood, she experienced pain in her right knee. Ms. Carter stated that because it was a holiday weekend, she did not seek treatment until the following Tuesday morning. Ms. Carter testified that she never had any symptoms in her right knee and never had any medical treatment for her right knee prior to this incident.

Ms. Carter underwent an independent medical evaluation performed by Austin Nabet, D.O., on March 15, 2024. Dr. Nabet diagnosed preexisting right knee osteoarthritis and opined that it was unrelated to the injury of May 26, 2023. Dr. Nabet further opined that the mechanism of injury of standing from a seated position from a couch does not support causality for a workplace injury; and stated that Ms. Carter's complaints were likely a natural progression of her underlying disease, most significantly likely attributed to her obesity.

On June 11, 2024, the Board affirmed the claim administrator's order, which rejected the claim. The Board found that the preponderance of the evidence establishes that Ms. Carter was not injured as a result of her employment. Ms. Carter now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Carter argues that the couch she sat on in the client's house was unnaturally low and caused her to twist her knees to the left at an unnatural angle while putting weight on them to stand up, causing a higher risk of injury. Ms. Carter further argues that the Board failed to properly analyze this claim under *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022).[2] Ms. Carter argues that she meets the presumption under *Moore* because she had never had symptoms in her right knee, and no treatment or imaging performed on her right knee prior May 6, 2023.

"Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970);" *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

Here, the Board found that, although Ms. Carter was at work at the time of the injury, the evidence does not establish that the right knee injury occurred as a result of her employment. The Board further found that there was no increased risk for Ms. Carter in standing up from the sofa, which was not qualitatively peculiar to her employment, nor did she face an increased quantity of a risk. *See Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 894 S.E.2d 890 (2023). Thus, the Board found that there is no evidence of a causal connection between Ms. Carter's work and her right knee sprain.

---

[2] In *Moore*, the Supreme Court of Appeals of West Virginia held that:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Moore* at 294, 879 S.E.2d at 781, syl. pt. 5.

Upon review, we cannot conclude that the Board was clearly wrong in finding that Ms. Carter failed to establish that her injury resulted from her employment, nor did she establish that she was at an increased risk of injury when she simply stood after sitting on a couch. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order rejecting the claim. Further, we do not find merit in Ms. Carter's argument that the Board should have analyzed this claim under *Moore*. Ms. Carter failed to establish causation of her injury; thus, a *Moore* analysis was not necessary.

Accordingly, we affirm the Board's June 11, 2024, order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

4