346 S.E.2d 63

**Vivian P. SANSOM,**

v.

**WORKERS' COMPENSATION COMMISSIONER and Owens-Illinois, Inc.**

No. 16922.

Supreme Court of Appeals of West Virginia.

July 9, 1986.

Thomas P. Maroney, Charleston, for appellant.

R. Russell Alexander, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, for appellee.

McGRAW, Justice:

The appellant, Vivian P. Sansom, appeals from a final order of the Workers' Compensation Appeal Board which affirmed a ruling of the Workers' Compensation Commissioner rejecting an application for benefits on the ground that her disability was not caused by an injury received in the course of and as a result of her employment. Careful review of the record, however, compels our conclusion that the affirmance was clearly wrong, and we remand this claim for an award of benefits consistent with this opinion.

At the time of her claim, the appellant had been employed for twenty-nine years as a bottle inspector with Owens-Illinois, Inc. Her job required lifting heavy cartons of bottles from a conveyor; placing the

cartons on a nearby table; emptying the bottles from the cartons; inspecting the bottles; repacking the bottles in the cartons; and, returning the cartons to the conveyor. She performed this sequence repeatedly throughout her workday.

In March 1982, the appellant was diagnosed as suffering from tenosynovitis of the wrists. She was treated by Dr. Robert Smith, who placed both wrists in casts, causing the appellant to miss work for approximately seven weeks. On March 24, 1982, the appellant filed a claim for workers' compensation benefits, supported by a statement from Dr. Smith that her ailment was occupationally related. The Commissioner ruled the claim compensable on April 27, 1982, and awarded temporary total disability benefits.

Owens-Illinois protested the Commissioner's award of temporary total disability benefits. In support of its protest, the appellant's employer introduced records which revealed that she had reported to a plant nurse on January 13, 1982, complaining of a swollen left wrist. The nurse indicated in her report that the appellant indicated that she had fallen from her automobile on Thanksgiving Day 1981 and had slightly injured her wrist. On May 12, 1982, the appellant again reported to the company dispensary to complain of pain in her right wrist. Following diagnosis of tenosynovitis by Dr. George Woelful, the appellant was referred to Dr. Smith for treatment.

At a hearing on February 3, 1983, the appellant admitted that she had stumbled from her automobile on Thanksgiving Day 1981 when her husband had parked too close to a curb. She testified, however, that she struck only her right wrist; that she suffered no immediate injury; that she sought no medical attention; and, that she missed no work as the result of this fall. She stated that she experienced no difficulty until about one week later when her left wrist became painfully swollen. Ultimately, this condition became so acute that she reported to the company nurse on January 13, 1982. Although the nurse did note the appellant's fall, she also noted that it was

the left wrist which was swollen and wrapped with a supportive bandage. Eventually, when both wrists became painfully swollen, the appellant sought treatment which resulted in immobilization by cast.

On October 13, 1983, the Commissioner set aside her prior ruling and rejected the appellant's claim on the ground that her disability was not due to an injury received in the course of and as a result of her employment. On May 14, 1985, the Appeal Board affirmed the Commissioner's ruling.

With respect to compensability, this Court held in Syllabus Point 1 of *Barnett v. State Workmen's Compensation Commissioner,* 153 W.Va. 796, 172 S.E.2d 698 (1970), that, "In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment *and* (3) resulting from that employment." *See also* Syl. pt. 1, *Breeden v. Workmen's Compensation Commissioner,* 168 W.Va. 573, 285 S.E.2d 398 (1981). In Syllabus Point 3 of *Lilly v. State Workmen's Compensation Commissioner,* 159 W.Va. 613, 225 S.E.2d 214 (1976), this Court further held, "An employee who is injured gradually by reason of the duties of employment and eventually becomes disabled is, under our workmen's compensation law, no less the recipient of a personal injury than one who suffered a single disabling trauma."

The appellant's application for benefits in the instant case attributed her disability to "frequently lifting, opening and dumping of ware of cartons." As previously noted, Dr. Smith characterized her tenosynovitis as occupationally related. Several courts throughout the country have approved the award of worker's compensation benefits for tenosynovitis of the wrists resulting from the stresses associated with repeated movements in assembly line work. *See, e.g., Sanyo Manufacturing Corp. v. Leisure,* 12 Ark.App. 274, 675 S.W.2d 841 (1984) (lifting and tuning television components on assembly line); *S.H. Kress & Co. v. Burkes,* 153 Fla. 868, 16 So.2d 106 (1944) (mixing dough, baking bread, and scrubbing pans); *Hiram Walker & Sons v. In-*

*dustrial Commission,* 71 Ill. 2d 476, 17 Ill.Dec. 685, 376 N.E.2d 1014 (1978) (lifting crates of bottles onto a conveyor on assembly line); *Martin v. Cudahy Food Co.,* 231 Kan. 397, 646 P.2d 468 (1982) (lifting, examining, trimming, and grading hams of various sizes and weights on assembly line); *Hygrade Food Products v. Workmen's Compensation Appeal Board,* 62 Pa.Commw. 448, 437 A.2d 89 (1981) (observing, removing, and replacing defective hot dogs on assembly line); *Johnson v. Moore Business Forms,* 694 P.2d 597 (Utah 1984) (wrapping and packing paper forms on assembly line).

The appellant in this case clearly met her burden of proof with respect to the causal connection between her tenosynovitis and her employment as a bottle inspector on an assembly line. Competent medical evidence was introduced establishing this link. The appellant's employer, on the other hand, offered no medical evidence. Instead, only a report of the company nurse was introduced which indicated that the appellant recalled stumbling from her automobile on Thanksgiving Day. No evidence was offered by the appellant's employer connecting this incident to her tenosynovitis. In fact, although the appellant's complaint to the nurse concerned her left wrist, she reported stumbling from the automobile onto her right side, breaking her fall with her right arm. In Syllabus Point 2 of *Sowder v. State Workmen's Compensation Commissioner,* 155 W.Va. 889, 189 S.E.2d 674 (1972), this Court held that, "A claimant in a workmen's compensation case must bear the burden of proving his claim but in doing so it is not necessary to prove to the exclusion of all else the causal connection between the injury and the employment." *See also* Syl. pt. 1, *Myers v. State Workmen's Compensation Commissioner,* 160 W.Va. 766, 239 S.E.2d 124 (1977); Syl. pt. 2, *Keller v. State Workmen's Compensation Commissioner,* 156 W.Va. 760, 197 S.E.2d 306 (1973). In the instant case, any connection between the Thanksgiving Day incident and the appellant's condition is pure conjecture. In *Hiram Walker & Sons v. Industrial Commission,* 71 Ill. 2d at 479, 17 Ill.Dec. at 687, 376 N.E.2d at

1016, the court reinstated a permanent disability award to worker's compensation claimant suffering from tenosynovitis in connection with her employment which consisted of lifting crates of bottles onto a conveyor belt despite evidence that she had been involved in an automobile accident in which she had injured the shoulder of the same arm affected by tenosynovitis, stating that, "Considering these circumstances and the absence of proof relating the present ill-being to the 1974 auto accident, we do not believe the award may be said to be contrary to the manifest weight of the evidence." Similarly, in the present proceeding, granted the circumstances and the lack of evidence regarding the causal connection between the accident and the medical condition, we conclude that the Appeal Board was clearly wrong in failing to reverse the Commissioner's determination of noncompensability.

For the foregoing reasons, we reverse the Appeal Board's affirmance of the Commissioner's determination of noncompensability, and remand this case for the award and payment of benefits consistent with this opinion.

Reversed and remanded.