**FILED**

**June 10, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Scottish Rite Bodies of Charleston,**
**Employer Below, Petitioner**

**v.)**     **No. 22-0427**     (BOR Appeal No. 2057460)
                               (JCN: 2020023177)

**Thomas W. Weese,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Thomas W. Weese filed an application for workers' compensation benefits alleging that he was exposed to the bacteria Legionella[1] and developed Legionella pneumonia/Legionnaires' disease while performing maintenance work for his employer, Scottish Rite Bodies of Charleston. On April 27, 2022, the West Virginia Workers' Compensation Board of Review reversed previous rulings that had rejected Mr. Weese's claim, and held the claim compensable. The employer now appeals the decision of the Board of Review, arguing that Mr. Weese presented no medical expert opinion linking his occupational disease to his employment.[2] But in his amended report, Tom Takubo, D.O., stated that Mr. Weese was exposed to a damp basement from a leaking ceiling at work and contracted Legionella. Because Mr. Weese established a prima facie claim that this disease was causally related to his work, and the employer did not present any evidence to the contrary, we affirm. Finding no substantial question of law and no prejudicial error, we determine that a memorandum decision is appropriate.[3]

On March 7, 2020, Mr. Weese, a 74-year-old part-time janitor, sought medical treatment at Charleston Area Medical Center after becoming seriously ill. Mr. Weese was diagnosed with

---

[1] Legionella proliferate in warm water environments and stagnant water, especially in stagnant water in plumbing and cooling systems. Kelsie Cassell, J. Lucian Davis, and Ruth Berkelman, <u>Legionnaires' Disease in the Time of COVID-19</u>, Pneumonia (Jan. 6, 2021), https://pneumonia.biomedcentral.com/articles/10.1186/s41479-020-00080-5.

[2] Scottish Rites Bodies of Charleston is represented by counsel Charity K. Lawrence, Esq. Mr. Weese is represented by counsel Patrick K. Maroney, Esq.

[3] *See* W. Va. R. App. P. 21(c).

1

acute respiratory failure with hypoxia, severe sepsis without septic shock, and community-acquired pneumonia secondary to Legionella, among other things. Mr. Weese's condition worsened and on March 9 he was placed in intensive care on a ventilator. After his condition improved, he was transferred out of intensive care on March 15.

Dr. Takubo completed the physician's section of Mr. Weese's application for workers' compensation benefits on April 13, 2020. He first diagnosed Mr. Weese with reactive airway disease from inhalation of cleaning supplies and indicated that it was a non-occupational condition. But as explained below, Dr. Takubo would amend his report a few months later.

The employer submitted the June 3, 2020, physician review report of Randall L. Short, M.D. He stated that there was no objective evidence to support a causal connection between Mr. Weese's Legionaries' disease and his workplace, but his review occurred before Dr. Takubo amended his report. Dr. Short noted that the local Health Department was notified to do Legionella testing, but that the worksite was never tested due to the Covid-19 pandemic.[4] Based on Dr. Takubo's report and Dr. Short's review, the claims administrator rejected the claim on June 4, 2020. Mr. Weese protested this decision.

On November 4, 2020, Dr. Takubo amended the physician's section of Mr. Weese's application for benefits. He rescinded his earlier finding and stated that Mr. Weese's condition was, in fact, a result of an occupational injury. Dr. Takubo stated that Mr. Weese was exposed to a damp basement from a leaking ceiling and contracted Legionella.

In January 2021, Mr. Weese testified in a deposition about the medical treatment he received for his illness, the symptoms of the illness, and his working conditions. Mr. Weese said that the basement at his worksite often leaked and smelled like musty, dirty water; he cleaned the stagnant water a few times a week. Mr. Weese also explained that he had to squeegee the storeroom floor to remove standing water and this water splashed on him. Mr. Weese testified that he frequently cleaned up a recurrent hot water line leak using barrels to catch water, and then rolled the barrels to a sink to empty them. He also submitted photographs from his workplace. Mr. Weese stated that he was not exposed to standing or stagnant water at his home, and that he had not traveled to a hotel nor was he in a hot tub before contracting Legionella.

In its October 1, 2021, order, the Workers Compensation Office of Judges affirmed the claims administrator's rejection of the claim. It found that the evidence showed that Mr. Weese had Legionnaires' disease but stated that the only physician of record to opine that the condition was the result of his employment was Dr. Takubo and that report was deemed unreliable because Dr. Takubo provided no explanation as to why he changed his compensability opinion. Mr. Weese appealed this decision.

---

[4] While Dr. Short's report is not in the appendix record, the Workers Compensation Office of Judges discussed his report in its decision and the parties reference his report in their briefs.

2

The Board of Review found that the Office of Judges' analysis and conclusions were clearly wrong in view of the record. It reversed the Office of Judges' order and held the claim compensable for Legionella pneumonia/Legionnaires' disease. The Board of Review found that Mr. Weese met the requirements of West Virginia Code § 23-4-1(f),[5] and established by a preponderance of the evidence that his occupational disease was causally related to his employment. As the Board of Review explained, Mr. Weese

> was exposed to stagnant water in the basement of the building where he worked. Also, in other areas of the building he was exposed to water from leaks and drips and soaked seat cushions. Water leaking out of a hot water line was collected in a barrel and would splash on him. Dr. Takubo opined that [Mr. Weese] contracted Legionella as a result of being exposed to the damp basement from leaking [water].

On appeal to this Court, the employer argues that the Board of Review's decision was clearly wrong because Mr. Weese presented no medical expert opinion linking his alleged occupational disease to his employment. Mr. Weese responds that the Board of Review correctly reviewed the facts and law when it held the claim compensable.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review; when the Board of Review's decision effectively represents a reversal of a prior order of either the claims administrator or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board

---

[5] West Virginia Code § 23-4-1(f) sets forth the standard for determining a causal connection in an occupational disease case:

> [A] disease is considered to have been incurred in the course of or to have resulted from the employment only if it is apparent to the rational mind, upon consideration of all the circumstances: (1) That there is a direct causal connection between the conditions under which work is performed and the occupational disease; (2) that it can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment; (3) that it can be fairly traced to the employment as the proximate cause; (4) that it does not come from a hazard to which workmen would have been equally exposed outside of the employment; (5) that it is incidental to the character of the business and not independent of the relation of employer and employee; and (6) that it appears to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence, though it need not have been foreseen or expected before its contraction[.]

of Review's findings, reasoning, and conclusions, there is insufficient support to sustain the decision.[6]

As we have explained, "[u]nlike traumatic injuries, the causal connection for occupational diseases must be established by showing exposure at the workplace sufficient to cause the disease and that the disease actually resulted in the particular case."[7] Under West Virginia Code § 23-4-1(f), an ordinary disease of life to which the general public is exposed can be held compensable when a claimant shows that the disease was incurred in the course of and resulting from his employment. In *Powell v. State Workmen's Compensation Commissioner*, this Court held that "[i]f studies and research clearly link a disease to a particular hazard of a workplace, a prima facie case of causation arises upon a showing that the claimant was exposed to the hazard and is suffering from the disease to which it is connected."[8] And "[w]hile this Court has repeatedly held that a determination of compensability cannot be made in a claim based solely on speculation, we have also specifically acknowledged that 'W. Va. Code § 23-4-1 does not require a claimant to prove that the conditions of his employment were the exclusive or sole cause of the disease nor does it require the claimant to show that the disease is peculiar to one industry, work environment, or occupation.'"[9]

It is undisputed that Mr. Weese developed Legionella pneumonia/Legionnaires' disease. The question here is whether the disease can be fairly traced to his employment as the proximate cause under West Virginia Code § 23-4-1(f). As the Board of Review found, Mr. Weese was frequently exposed to large amounts of stagnant water in the basement of the building where he worked. And considering Dr. Takubo's amended report, the Board of Review found that Mr. Weese contracted Legionella as a result of being exposed to that stagnant water. After considering the undisputed facts, it concluded that there was a direct causal connection between Mr. Weese's working conditions and the disease; his condition could be fairly traced to his employment as the proximate cause.

The Board of Review's application of the relevant statutory factors is not clearly wrong. We agree that Mr. Weese made a prima facie case of causation under West Virginia Code § 23-4-1(f) because it would be apparent to the rational mind that his Legionella pneumonia/Legionnaires' disease had its origin in a risk connected with his employment and flowed from that source. And notably, the employer did not present any contrary medical evidence. It did not take Dr. Takubo's

---

[6] *See* W. Va. Code §§ 23-5-15(c) & (e).

[7] *Powell v. State Workmen's Comp. Comm'r*, 166 W. Va. 327, 336, 273 S.E.2d 832, 837 (1980).

[8] Syl. Pt. 5, *Powell*, 166 W. Va. 327, 273 S.E.2d 832.

[9] *Casdorph v. W. Va. Off. Ins. Comm'r*, 225 W. Va. 94, 100, 690 S.E.2d 102, 108 (2009) (quoting Syl. Pt. 3, *Powell*).

deposition, nor did it submit evidence to refute his amended report. We have previously held that once a prima facie claim has been established by the claimant, and the employer fails to offer medical evidence to refute medical causation, the refusal of the claim for lack of medical causation is reversible error as it is based on "pure conjecture."[10]

For the reasons discussed above, the decision of the Board of Review is not the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. So, we affirm the decision.

Affirmed.

**ISSUED:** June 10, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[10] *Sansom v. SWCC*, 176 W. Va. 545, 547, 346 S.E.2d 63, 65 (1986).