# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FRED KENNEDY,**
**Claimant Below, Petitioner**

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-366**          (JCN: 2024006020)

**HARMAN BRANCH MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Fred Kennedy appeals the August 14, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Harman Branch Mining, Inc. ("HBM") filed a response.[1] Mr. Kennedy did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

On September 25, 2023, while employed by HBM, Mr. Kennedy alleges that he injured his back while shoveling rock and mud. Mr. Kennedy was seen at Welch Community Hospital on the same day for his lower back. Mr. Kennedy reported similar episodes of low back pain in the past. A CT scan of Mr. Kennedy's low back revealed degeneration of the disc with associated narrowing, a broad-based disc bulge, anterior vertebral endplate spurs, and facet joint arthropathy at L3-L4; a broad-based disc bulge protrusion, ligamentum flavum hypertrophy, facet joint arthropathy, and spinal canal and bilateral foramina stenosis at L4-L5; and facet joint arthropathy at L5-S1. Mr. Kennedy was evaluated by James Salyers, M.D., who diagnosed him with severe degenerative disc disease of the lumbar spine and an exacerbation of chronic lower back pain. Mr. Kennedy was taken off work through October 2, 2023.

---

[1] Mr. Kennedy is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. HBM is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

A Brickstreet First Report of Injury form dated September 25, 2023, indicates that Mr. Kennedy reported that he developed low back pain while shoveling at work. A West Virginia Office of Miner's Health, Safety and Training Mine Accident and Injury Report dated September 26, 2023, indicates that Mr. Kennedy developed pain in his lower back while performing his regular work activity of shoveling.

Mr. Kennedy filed an Employees' and Physicians' Report of Occupational Injury or Disease dated October 2, 2023. Mr. Kennedy reported that his back went out while shoveling rock and mud. The physician's section of the claim application was completed by a medical provider at Welch Community Hospital on October 2, 2023. The provider indicated that Mr. Kennedy had sustained an occupational injury resulting in back and left leg pain, but the provider was unable to determine whether the September 25, 2023, work incident had aggravated a prior injury or disease.[2]

On October 2, 2023, Mr. Kennedy was seen by David Eells, M.D., for an occupational injury to his lower back. Mr. Kennedy reported an acute injury to his right lower back while shoveling at work, occurring approximately one week prior. Mr. Kennedy further reported that he had been off work since the day of the injury. Mr. Kennedy complained of pain radiating down his left leg. Dr. Eells diagnosed Mr. Kennedy with back pain and kept Mr. Kennedy off work through October 17, 2023. On October 16, 2023, Mr. Kennedy followed up with Dr. Eells. Mr. Kennedy reported that he had experienced episodes of back pain in the past; however, this was the worst pain he had experienced. Mr. Kennedy reported radiating pain into both of his thighs. Dr. Eells diagnosed Mr. Kennedy with back pain and kept Mr. Kennedy off work through October 24, 2023. On October 30, 2023, Dr. Eells recommended an MRI of the lumbar spine and possible physical therapy. He also indicated that Mr. Kennedy was to remain off work through November 7, 2023.

Dr. Eells authored an Attending Physician's Statement of Disability dated November 7, 2023. Dr. Eells diagnosed Mr. Kennedy with dorsalgia related to a lifting accident at work and he indicated that Mr. Kennedy had been unable to work since September 25, 2023. On November 17, 2023, the claim administrator issued an order rejecting the claim on the basis that the injury did not occur in the course of and resulting from Mr. Kennedy's employment. Mr. Kennedy protested this order.

---

[2] Prior to the instant claim, Mr. Kennedy was treated for lumbar strain/ pain in the lower back in 2010 and 2015. Mr. Kennedy was diagnosed with lumbar spine degenerative joint disease in 2015. Mr. Kennedy also filed a previous claim for an occupational injury to his lumbar spine on October 14, 2021. The claim was rejected by claim administrator order dated November 4, 2021. It is unclear from the record whether Mr. Kennedy protested this order.

On January 4, 2024, Mr. Kennedy was seen by Dr. Eells. Mr. Kennedy reported that he continued to experience back pain radiating down his left lower extremity, and he remained unable to work. Dr. Eells opined that a lumbar MRI was necessary to further evaluate Mr. Kennedy's condition. Mr. Kennedy reported that his medication did not seem to be working. Dr. Eells' diagnosis was back pain. A Disability Continuing Claim form, signed by Dr. Eells on January 8, 2024, indicated that Mr. Kennedy was totally disabled due to a diagnosis of back pain. Dr. Eells further indicated that Mr. Kennedy would be unable to return to work for the next four to six months.

Mr. Kennedy was deposed on February 7, 2024, and he testified that on September 25, 2023, he developed severe low back pain while shoveling and moving rock and mud onto a belt line at work. Mr. Kennedy described the pain as electricity running through his back, his privates, and his legs. Mr. Kennedy testified that when he was injured, he fell to the ground, was unable to get up, and barely able to ride out of the mine. Mr. Kennedy stated that he had experienced low back pain prior to the September 25, 2023, work incident, but the symptoms he experienced on that day were more severe. Specifically, Mr. Kennedy explained that previously he had never experienced an electric shock sensation like he did after this injury. Mr. Kennedy testified that Dr. Eells had not released him to return to work, and further, he did not believe he was capable of returning to his pre-injury employment.

On August 14, 2024, the Board affirmed the claim administrator's order rejecting the claim. The Board found that Mr. Kennedy failed to establish that he suffered a discrete new injury in the course of and resulting from his employment. Mr. Kennedy now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Kennedy argues that the preponderance of the evidence establishes that he sustained a back injury course of and resulting from his employment. Further, Mr. Kennedy argues that simply because he has previously experienced back pain, he is not precluded from establishing a workers' compensation claim after sustaining a new injury. Finally, Mr. Kennedy argues that the nature of the symptoms from this work injury was different from the prior back issues, and it is unrefuted that he was completing his job duties until, suddenly, he was on the ground and could not walk.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

The Supreme Court of Appeals of West Virginia held, in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3

The Supreme Court of Appeals has repeatedly held that pain is a symptom, not a diagnosis, and cannot be added to a claim. *See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196, at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (holding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim).

Here, the Board determined that Mr. Kennedy failed to establish that he suffered a discrete new injury. The Board noted that Dr. Salyers diagnosed Mr. Kennedy with an exacerbation of chronic lower back pain and severe degenerative joint disease of the lumbar spine, neither of which are appropriate diagnoses for an acute lumbar injury. Further, the Board found that the objective diagnostic imaging and medical evidence of record establishes that Mr. Kennedy's degenerative joint disease was diagnosed and symptomatic prior to the work incident of September 25, 2023.

Upon review, we conclude that the Board was clearly wrong in finding that Mr. Kennedy failed to establish that he suffered a compensable injury. We note that Mr. Kennedy's statements regarding his occupational injury and his symptoms prior to and following the injury are unrefuted and, further, the Board did not question Mr. Kennedy's credibility. Furthermore, while Mr. Kennedy's medical records do not contain an acute injury diagnosis, the overwhelming evidence indicates he sustained a definite, isolated and fortuitous injury in the course of and as a result of his employment.

In summary, we find that Mr. Kennedy's statements and the medical evidence establish that he suffered a discrete new injury on September 25, 2023, in the course of and resulting from his employment with HBM. The Board is directed to remand this claim to the claim administrator for it to accept evidence and issue an order regarding an appropriate compensable condition(s) and whether Mr. Kennedy is entitled to temporary total disability benefits.

Accordingly, we reverse the Board's August 14, 2024, order, and remand to the Board for further proceedings consistent with this order.

Reversed and Remanded.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5