# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHRISTOPHER W. FARMER,**
**Claimant Below, Petitioner**

**FILED**
**June 11, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-387**      (JCN: 2023006617)

**WEST VIRGINIA PARKWAYS, ECONOMIC DEVELOPMENT & TOURISM AUTHORITY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher Farmer appeals the September 3, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Parkways, Economic Development & Tourism Authority ("WV Parkways") filed a response.[1] Mr. Farmer did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which denied the addition of cervicalgia, cervical disc disorder, Chiari syndrome, cervical disc degeneration at C5-C6, cervical disc displacement at C4-C5 and C5-C6, and thoracic intervertebral disc displacement as compensable conditions; and denied authorization for bilateral medial branch nerve blocks ("MBB").[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is affirmed, in part, vacated, in part, and this case is remanded for further proceedings consistent with this decision.

---

[1] Mr. Farmer is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. WV Parkways is represented by James W. Heslep, Esq., and Steven K. Wellman, Esq.

[2] The Board modified the claim administrator's order and added contusion of back wall of thorax and abrasion of back wall of thorax to the claim as compensable conditions. The Board also noted that thoracic sprain was already a compensable condition in the claim. These diagnoses are not at issue in the instant appeal.

On September 21, 2022, while employed by WV Parkways, Mr. Farmer sustained multiple injuries when he was pinned between a tollbooth and a tractor trailer.[3] Mr. Farmer filed an Employees' and Physicians' Report of Occupational Injury or Disease dated September 21, 2022, indicating that he was pinned to a toll booth by a metal frame. The physician's section reported that Mr. Farmer sustained crush/abrasion injuries to his right scapula/shoulder as a direct result of an occupational injury.[4] Jan Care Dispatch issued a Patient Care Report dated September 21, 2022, indicating that an ambulance was dispatched for Mr. Farmer after he was struck by a vehicle. Mr. Farmer reported that his right shoulder was pinned between a tractor trailer and the tollbooth. It was reported that Mr. Farmer could walk without assistance.

Mr. Farmer was seen by Mustafa Rahim, M.D., an internal medicine specialist, several times from September 22, 2022, through October 13, 2022. On September 22, 2022, Mr. Farmer presented with abrasions on the upper back, neck pain, and upper back pain. The diagnosis was contusion of unspecified back wall of the thorax, cervicalgia, abrasion of unspecified back wall of the thorax, and hyperlipidemia. On October 13, 2022, Mr. Farmer reported that he was caring for his child when he started having severe spasms and pain in the left mid back area.

On October 22, 2022, Mr. Farmer underwent MRIs of his thoracic and cervical spine. The thoracic MRI revealed no fracture, a localized central disc extrusion at the T7-T8 level with anterior impression on the thecal sac, and a slight contour defect in the anterior aspect of the thoracic spinal cord at the T7-T8 level. The cervical MRI revealed no acute fracture, subluxation, or focal cervical spinal cord signal abnormality; borderline type 1 Chiari Malformation; and C4-C5 and C5-C6 mild disc bulge with osteophytes with mild bilateral neural foraminal stenosis with no evidence of disc extrusion.

Mr. Farmer was seen by Dr. Rahim on October 27, 2022. Dr. Rahim assessed contusion of unspecified back wall of thorax and cervicalgia and referred Mr. Farmer to a neurosurgeon. The claim administrator issued an order dated November 30, 2022, which held the claim compensable for strain of the cervical spine and thoracic spine.

---

[3] Prior to the compensable injury, Mr. Farmer was treated for back pain in 2017, neck pain in 2018, and chest/shoulder pain in July of 2022.

[4] Mr. Farmer submitted a second Employees' and Physicians' Report of Occupational Injury or Disease dated September 26, 2022. Mr. Farmer noted injuries to his right shoulder blade, right shoulder, back, and neck occurring on September 21, 2022, when a tractor trailer pinned him against a toll booth. The physician's section indicated that Mr. Farmer sustained a contusion to the posterior right shoulder as a direct result of an occupational injury.

On January 30, 2023, Mr. Farmer began treating with Rajesh V. Patel, M.D., a neurosurgeon. Mr. Farmer reported numbness and weakness in his hands, numbness in his feet, and weakness in the right leg and mid back area. Dr. Patel assessed cervical sprain, thoracic sprain, acute T7-T8 disc protrusion, cervical disc protrusion at C4-C5, cervical disc protrusion at C5-C6, neural foraminal narrowing bilateral at C4-C5, and neural foraminal narrowing bilateral at C5-C6. Dr. Patel noted that Mr. Farmer tried therapy, which made his pain worse, and therefore, Dr. Patel recommended MBB. Dr. Patel reported that Mr. Farmer had no radicular symptoms involving the neck.

Mr. Farmer was evaluated by Prasadarao Mukkamala, M.D., an occupational medicine specialist, on February 23, 2023. Mr. Farmer reported random muscle spasms all over the body, mid back pain, and neck pain with radiation to the extremities. Dr. Mukkamala opined that Mr. Farmer had preexisting degenerative conditions of cervical spondyloarthropathy and thoracic spondyloarthropathy that caused symptoms but that there was no evidence of myelopathy or radiculopathy. Mr. Farmer reported that his back conditions were not symptomatic prior to the compensable injury, nor did he receive any treatment for the conditions. Dr. Mukkamala found that Mr. Farmer had reached maximum medical improvement ("MMI") from the compensable injury and needed no further treatment.

On April 4, 2023, Rebecca Thaxton, M.D., a general practice physician, issued a Physician Review report. The issue presented was whether MBB should be authorized. Dr. Thaxton opined that MBB should not be authorized. She opined that MBB were indicated for Mr. Farmer's pre-existing degenerative changes. The claim administrator issued a grievable order dated April 11, 2023, denying authorization for MBB based upon Dr. Mukkamala's report finding Mr. Farmer at MMI and the lack of a diagnosis of cervical radiculopathy by Dr. Patel.[5]

On April 22, 2023, Dr. Rahim submitted a Diagnosis Update form requesting that contusion of unspecified back wall of thorax, cervicalgia, cervical disc disorder, Chiari syndrome, and cervical disc degeneration at C5-C6 be added to the claim as compensable conditions. On April 25, 2023, Dr. Patel submitted a Diagnosis Update form requesting that cervical sprain, thoracic sprain, cervical protrusions, and thoracic protrusions be added to the claim as compensable conditions.

---

[5] The Encova Select Grievance Board issued findings dated May 10, 2023, which recommended affirming the claim administrator's denial of the requested treatment, however, the protestable final decision from Encova was not included in the lower record. Presumably, Mr. Farmer protested the final decision.

On May 3, 2023, James M. Dauphin, M.D., an orthopedic surgeon, issued a Physician Review report addressing Dr. Rahim's and Dr. Patel's requests for conditions to be added to the claim. Dr. Dauphin opined that the majority of the conditions preexisted the claim, were degenerative in nature, or congenital. Dr. Dauphin further opined that the mechanism of injury would not precipitate the kind of disc displacement seen on the MRI.

The claim administrator issued a grievable order dated May 9, 2023, denying the addition of the conditions requested by Dr. Rahim and Dr. Patel based upon Dr. Dauphin's report. On June 7, 2023, the Encova Select Grievance Board determined that the claim was allowed for sprain of ligaments of the cervical spine and strain of muscle and tendon of back wall of thorax. The Grievance Board further found that the denial of the diagnosis update requests by Dr. Rahim and Dr. Patel should be affirmed based upon Dr. Dauphin's recommendations.

On October 27, 2023, Mr. Farmer followed up with Dr. Patel, who opined that the disc protrusion at T7-T8 should be added because it appears to be more of an acute type of process. Dr. Patel noted that the beam that initially injured Mr. Farmer hit him in the mid back area, which is the area of the disc protrusion. Dr. Patel stated that the disc protrusions at C4-C5 and C5-C6 could have preexisted the claim but, he noted that they were asymptomatic prior to the claim. Dr. Patel opined that the compensable injury contributed to Mr. Farmer becoming symptomatic from the cervical disc protrusions. Dr. Patel further opined that MBB for the neck should be authorized because Mr. Farmer had no prior history of neck symptoms, the MRI showed disc protrusions, and Mr. Farmer received no relief from physical therapy.

David L. Soulsby, M.D., an orthopedic surgeon, evaluated Mr. Farmer on May 14, 2024. Mr. Farmer reported that he has some pain after strenuous activity, and that except for being careful about lifting heavier objects, his condition was not interfering with routine daily activities. Mr. Farmer stated that his condition had improved, and he was not currently considering undergoing MBB. Dr. Soulsby assessed contusions and abrasions of the right posterior thorax/posterior shoulder region, cervical sprain/strain, cervical degenerative disc disease, and thoracic degenerative disc disease. Dr. Soulsby opined that the contusions and abrasions of the right posterior thorax and posterior shoulder region, and cervical sprain/ strain are causally related to the compensable injury, but the Chiari malformation is congenital and not caused by trauma, and the spinal abnormalities are degenerative. Dr. Soulsby further opined that Mr. Farmer was relatively asymptomatic and no further treatment was needed.

On September 3, 2024, the Board affirmed the claim administrator's orders, which denied the addition of cervicalgia, cervical disc disorder, Chiari syndrome, cervical disc degeneration at C5-C6, cervical disc displacement at C4-C5 and C5-C6, and thoracic

intervertebral disc displacement as compensable conditions; and denied authorization for bilateral MBB. Mr. Farmer now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Farmer argues that the preponderance of the evidence establishes that his cervical protrusions and thoracic protrusions are the result of the compensable injury. Mr. Farmer further argues that Dr. Patel, who is his treating neurosurgeon, opined that his thoracic disc protrusions were acute in nature, and his opinion should be given greater weight. Finally, Mr. Farmer argues that his diagnoses require further treatment, and the evidence establishes that the MBB is medically related and reasonably required to treat the compensable injury.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

The Supreme Court of Appeals of West Virginia ("SCAWV") held, in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3

The SCAWV clarified its position in *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022), holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Id.* at 294, 879 S.E. 2d at 781, syl. pt. 5

Here, the Board determined that:

[t]he evidence regarding prior cervical and thoracic symptoms shows that the claimant had chronic left mid back pain in 2017 and neck pain in 2018. Following the compensable injury, the claimant had cervical and thoracic symptoms, and cervical strain and thoracic strain are included as compensable conditions in this claim. As of May 14, 2024, Dr. Soulsby reported that the claimant was relatively asymptomatic and no further treatment was needed. Therefore, the cervical and thoracic symptoms have not continuously manifested since the injury.

The Board noted that the "only" physician who opined that disc conditions should be added as compensable components of the claim is Dr. Patel, Mr. Farmer's treating orthopedic surgeon. Thus, the Board found that the preponderance of the evidence establishes that there is no causal relationship between the disc conditions and the work injury.

The Board further found that Dr. Soulsby's opinion that Chiari syndrome is a congenital condition and is not caused by trauma was unrefuted. The Board noted that cervicalgia is a symptom, and not a diagnosis that can be added to a claim as a compensable

6

condition. Finally, the Board found that due to Mr. Farmer's current lack of symptoms MBB was not medically related and reasonably necessary treatment for the compensable condition.

The SCAWV has indicated that pain is a symptom, not a diagnosis, and cannot be added to the claim. *See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196, at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (holding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim). Thus, we conclude that the Board was not clearly wrong in finding that cervicalgia, or neck pain, cannot be added to the claim.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006). Here, the Board evaluated the evidence and found that bilateral MBBs were not medically related and reasonably necessary treatment given Mr. Farmer's current lack of symptoms. Thus, we conclude that the Board was not clearly wrong in finding that bilateral MBBs were not medically related and reasonably necessary treatment.

Upon review, we conclude that the Board was not clearly wrong in finding that the addition of cervical disc disorder, Chiari syndrome, cervical disc degeneration at C5-C6, and cervical disc displacement at C4-C5 and C5-C6, as compensable conditions was not supported by the evidence. Dr. Soulsby and Dr. Dauphin believed Mr. Farmer's cervical pathology was pre-existing, and Dr. Patel conceded that Mr. Farmer's neck condition could have preceded the compensable injury. Further, as the SCAWV has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's orders denying the addition of cervicalgia, cervical disc disorder, Arnold Chiari syndrome, cervical disc degeneration at C4-C5, cervical disc displacement at C5-C6 as compensable conditions; and denying authorization for bilateral MBB.

However, we find that the Board's analysis was inadequate when it decided that the diagnosis of thoracic intervertebral disc displacement was not compensable. We note that while Mr. Farmer may have had prior thoracic symptoms, he did not have prior diagnosed thoracic disc displacement. As the SCAWV found in *Gill*, a claimant having prior symptoms does not preclude them from having a discrete new injury. Further, we do not find that Mr. Farmer's generic complaints of mid back pain from five years prior to the compensable injury indicates evidence of a preexisting degenerative thoracic condition,

7

especially given the lack of evidence that he has complained of or received treatment for mid back pain from 2017 until the compensable injury.

We conclude that the Board's finding that Mr. Farmer's thoracic symptoms did not continuously manifest since the injury is clearly erroneous. We note that Mr. Farmer consistently reported his thoracic symptoms until he received treatment and then he subsequently reported improvement with his symptoms. We find that a claimant's cessation of symptoms following treatment does not mean that the symptoms did not continuously manifest as required under *Moore*, so long as the symptoms continuously manifested prior to treatment.

We note that Mr. Farmer's treating physician, Dr. Patel, has opined that Mr. Farmer suffered thoracic disc displacement as a result of the compensable injury. We conclude that the Board failed to give adequate weight to the opinion of Mr. Farmer's treating physician regarding the cause of Mr. Farmer's thoracic disc displacement. *See West Virginia Division of Highways v. Sturgell*, No. 21-0918, 2023 WL 6926174 (W. Va. Oct. 19, 2023) (memorandum decision) (the Supreme Court of Appeals of West Virginia indicated that in this case the treating physician was in the best position to determine the cause of the claimant's compensable condition).

Thus, the Board must reconsider the compensability of thoracic disc displacement and perform an adequate analysis of this condition giving adequate weight to Dr. Patel's opinion and under the guidance of the SCAWV's holdings in the cases of *Moore* and *Gill*.

Accordingly, we affirm, in part, and vacate and remand, in part, the Board's September 3, 2024, order.

Affirmed, in part, and Vacated and Remanded, in part.

**ISSUED:** June 11, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White