IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA UNITED HEALTH SYSTEM, INC.,**
Employer Below, Petitioner

**v.) No. 25-ICA-247**        (JCN: 2024013703)

**BROOKE MINER,**
Claimant Below, Respondent

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner West Virginia United Health System, Inc., ("WVUHS") appeals the May 19, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Brooke Miner did not file a response.[1] The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Miner submitted an Employees' and Physicians' Report of Occupational Injury or Disease dated January 29, 2024, alleging injuries to her throat/voice on January 26, 2024, as a result of exposure to vapor of suspected Formalin at work. Per the physician's section, completed by Madison Lapp, M.D., of WVU Medicine, Ms. Miner sustained an inhalation injury as a direct result of an occupational injury.

Between January 29, 2024, and February 19, 2024, Ms. Miner was treated at WVU Medicine for possible exposure to Formalin. Ms. Miner complained of sore throat and losing her voice. Ms. Miner reported that she opened an overhead cabinet at work and immediately smelled strong vapor. Ms. Miner stated that her breath was taken away, and she stumbled backwards. Ms. Miner associated her chest heaviness, facial rash, throat swelling, and lack of voice to exposure to Formalin. A physical examination revealed tonsillar swelling and palatal edema as well as a small amount of erythematous macules present in the bilateral buccal area. The differential diagnosis was inhalation injury vs. chemical exposure vs. throat edema. The assessment was inhalation injury and edema of

---

[1] WVUHS is represented by H. Dill Battle III, Esq. Ms. Miner did not appear.

the throat. It was reported that poison control advised that Formalin could be caustic and an irritant. A flex laryngoscopy was performed, which showed bilateral tonsillar edema with protrusion midline and uvula edema. A strep test was negative. An x-ray revealed no acute cardiopulmonary process. On January 30, 2024, John Dewey, M.D., and Moaz Sinan, M.D., diagnosed mucosal edema of the adenoids, palatine tonsils, and uvula likely secondary to chemical inhalation injury by pathology lab chemicals.

Derek Dieringer, Safety Manager for WVUHS, signed an Affidavit dated March 5, 2025. Mr. Dieringer stated that he was familiar with the alleged incident involving Ms. Miner on January 26, 2024. Mr. Dieringer stated that on Friday, January 26, 2024, Ms. Miner clocked out of work at 9:17 p.m., without reporting any injury or exposure. On Monday, January 29, 2024, Ms. Miner contacted her Laboratory Supervisor and advised her that she opened a cabinet on Friday night and a strong vapor took her breath away. Mr. Dieringer stated that the cabinet Ms. Miner opened in the pathology room stored no chemicals, that the cabinet is metal and enclosed, and that there is a fume hood located on each side of the cabinet. Mr. Dieringer stated that the hoods appeared to be working properly on January 29, 2024. Mr. Dieringer stated that other employees working in the pathology room denied ever experiencing a vapor release and that they did not know how an incident such as that alleged by Ms. Miner could happen. According to Mr. Dieringer, the employees stated that when working with Formalin, it is kept in an enclosed container.

On May 19, 2025, the Board reversed the claim administrator's order rejecting the claim. The Board found that the preponderance of the evidence established that Ms. Miner had suffered an inhalation injury in the course of and resulting from her employment. WVUHS now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

WVUHS argues that Ms. Miner failed to prove by a preponderance of evidence that her alleged inhalation injury occurred in the course of and as a result of her employment. WVUHS further argues that Ms. Miner's "speculative account" of the occurrence and "alleged injurious agent" is insufficient to establish a claim. Finally, WVUHS argues that the evidence established that the "injurious conditions" alleged by Ms. Miner were not present.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

Here, the Board found that the preponderance of the evidence established that Ms. Miner sustained an inhalation injury resulting in mucosal edema of the adenoids, palatine tonsils, and uvula in the course of and resulting from her employment.[2] The Board specifically noted that it found Ms. Miner's description of her injury to be credible following its review of Mr. Dieringer's affidavit. The Board further noted that Dr. Lapp indicated Ms. Miner's inhalation injury was a direct result of an occupational injury, and that Ms. Miner had not previously been diagnosed or treated for mucosal edema of the adenoids, palatine tonsils, and uvula.

Upon review, we conclude that the Board was not clearly wrong in finding that the preponderance of the medical evidence established that Ms. Miner suffered an inhalation injury in the course of and resulting from her employment with WVUHS. Further, the Board was not clearly wrong in determining that Ms. Miner's description of the injury was credible following its review of Mr. Dieringer's affidavit. *See Martin v. Randolph Cnty Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

_____

[2] While we find that there is sufficient evidence to support the Board's conclusion, we note that the Board's analysis in this case was lacking. We encourage the Board to provide a sufficient explanation and complete analysis in every case. *See Gwinn v. JP Morgan Chase*, No. 23-172, 2024 WL 4767011 (W. Va. Nov. 13, 2024) (memorandum decision).

Further, as the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order, which rejected the claim.

Accordingly, we affirm the Board's May 19, 2025, order.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White