# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**LOGAN GENERAL HOSPITAL, LLC,**
**Employer Below, Petitioner**

**FILED**
**December 4, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-151**          (JCN: 2024028550)

**ASHLEY BRYANT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Logan General Hospital, LLC ("LGH") appeals the March 13, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Ashley Bryant timely filed a response.[1] LGH did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's October 10, 2024, order, which rejected the claim. The Board remanded the claim to the claim administrator with instructions to enter a protestable order identifying the compensable diagnosis in the claim and addressing the claimant's entitlement to temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bryant is employed as an ICU Nurse at Logan Regional Hospital. On the morning of September 25, 2024, while at work, Ms. Bryant injured her left ankle. That same day, Ms. Bryant completed an Employees' and Physicians' Report of Occupational Injury form, where she reported an injury to her left ankle on September 25, 2024, when she was responding to a "rapid response" call. A medical provider completed the physician's portion of the form and indicated Ms. Bryant suffered ankle pain from an occupational injury.

Also on September 25, 2024, Ms. Bryant sought medical treatment in the emergency room. The medical records indicate Ms. Bryant was walking to a rapid response when she felt and heard a pop in the left ankle joint, causing pain with weight bearing. X-rays showed no acute abnormality, but did note small calcaneal spurs. The emergency room medical

---

[1]LGH is represented by Jeffrey B. Brannon, Esq. Ms. Bryant is represented by Donald C. Wandling, Esq.

1

provider diagnosed Ms. Bryant with "pain in left ankle and joints of left foot-left ankle pain," and she was given crutches and released from work for three days. The medical provider instructed Ms. Bryant to follow up with Ted Jefferson, D.O.

On October 10, 2024, the claim administrator determined that Ms. Bryant did not suffer a compensable work injury. Ms. Bryant protested this order to the Board.

Ms. Bryant's testimony was taken on November 26, 2024. According to Ms. Bryant, a rapid response call required her to react quickly. She was on the fourth floor of the ICU unit, where she and three other nurses received the call for a patient having a possible stroke. While Ms. Bryant was assisting the rapid response patient on the fourth floor, she was alerted via an overhead announcement of another rapid response patient on the third floor. Ms. Bryant then began to make her way to the rapid response patient on the third floor. In doing so, Ms. Bryant testified that she was "hastily" moving through a sloped, "unlevel" tiled floor area to get to the stairway. Ms. Bryant described the floor as so uneven that wheelchairs and other wheeled devices had to be locked in order to prevent them from freely rolling across the area. The area in which Ms. Bryant was walking had hospital equipment located in it, such as a bed against a wall, a telehealth cart, an ultrasound machine, and a wheelchair. When Ms. Bryant stepped around the bed, her left ankle popped. Ms. Bryant did not fall, but she sat on the floor until other nurses arrived with a wheelchair to take her to the emergency room

According to Ms. Bryant, Dr. Jefferson saw her two days after the injury and believed that she had tendonitis and placed her in a boot. Ms. Bryant also testified that on or about October 14, 2024, she saw Dr. McCleary, an orthopedist, who believed that she had suffered a severe left ankle sprain, and he ordered her to stop wearing the boot, to stay off work until December, and recommended physical therapy.[2] However, Ms. Bryant returned to work the next day. Ms. Bryant also addressed a statement in the emergency room treatment note that she "denie[d] twisting the ankle and stepping wrong." Ms. Bryant testified that no one in the emergency room asked her this question, and that she did not know exactly how the injury occurred.

By order dated March 13, 2025, the Board reversed the claim administrator's order and found that Ms. Bryant established by a preponderance of evidence that she sustained a personal injury to her left lower extremity in the course and as a result of her employment. The Board determined that Ms. Bryant was performing a job duty that was unique to her

---

[2] Dr. McCleary's medical records are not included in the appendix.

employment and which placed her at a greater risk of injury than that to which the general public is exposed.

The Board also determined that the only medical diagnosis of record was left ankle pain, and that it was "well settled" law that pain is not a compensable diagnosis. The Board noted that Ms. Bryant testified that she was later diagnosed with a severe ankle sprain; however, there was no medical report of record to support her testimony. Thus, the Board remanded the claim to the claim administrator with instructions that it issue a protestable order identifying the compensable diagnosis and addressing Ms. Bryant's entitlement to TTD benefits. It is from this order that LGH now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, LGH argues that the Board was clearly wrong in reversing the claim administrator's order that determined Ms. Bryant did not suffer a compensable work injury because there is no causal connection between Ms. Bryant's injury and her employment as she was "simply walking" when her ankle popped. LGH also asserts that the Board was clearly wrong in reversing the claim administrator's order because Ms. Bryant did not suffer an injury, as there was no compensable diagnosis. We disagree.

"'In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment.' Syl. Pt. 1, *Barnett v. State*

*Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970)." Syl. Pt. 1, *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

The Board relied upon *Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 894 S.E.2d 890 (2023) to determine that a causal connection existed between Ms. Bryant's injury and her employment. In *Hood*, the Supreme Court of Appeals of West Virginia ("SCAWV") held that: "In the context of workers' compensation law, there are four types of injury-causing risks commonly faced by an employee at work: (1) risks directly associated with employment; (2) risks personal to the claimant; (3) mixed risks; and (4) neutral risks." *Id.* at 110, 894 S.E.2d at 892, syl. pt. 4.

Additionally, the Board, following the guidance of the SCAWV in *Hood,* utilized the increased-risk test.

> The factfinder may use the increased-risk test when deciding whether an employee sustained a compensable injury under West Virginia Code § 23-4-1(a) (2018), in cases where the injury occurred while the employee was engaged in a neutral risk activity. Under the increased-risk test, even if the risk faced by the employee is not qualitatively peculiar to the employment, the injury may be compensable if he faced an increased quantity of a risk.

*Id.* at Syl. Pt. 5.

Here, the Board found that a direct causal connection existed between Ms. Bryant's injury and her employment. The Board further found that Ms. Bryant was not merely walking when her injury occurred. The Board noted that, at the time of the injury, Ms. Bryant was moving as quickly as possible in response to a medical emergency when she injured her left ankle while trying to maneuver around an obstacle (a hospital bed) on an uneven floor.[3] The Board found that because Ms. Bryant was moving as quickly as possible to respond to a medical emergency, as well as maneuvering around an obstacle on an uneven floor, she faced a risk that was increased above that faced by the general public.

Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Bryant's employment placed her at an increased risk of injury within the meaning of *Hood*.

The second issue is whether Ms. Bryant suffered an injury, as there was no compensable diagnosis. The SCAWV has previously upheld an order from the Board holding a claim compensable and remanding the matter for the purpose of ascertaining the appropriate compensable condition. *See Constellium Rolled Prod. v. Myers*, No. 20-0281,

---

[3] In *West Virginia United Health System, Inc. v. DeWitt*, No. 24-ICA-74, 2024 WL 4602030 (W. Va. Ct. App. Oct. 28, 2024) (memorandum decision), this Court affirmed the Board's finding that speed elevated the claimant's risk of injury.

2021 WL 2580719, at *3 (W. Va. June 23, 2021) (memorandum decision) (finding that the Board correctly remanded the matter for a determination of the compensable condition(s) in the claim after the claimant showed by a preponderance of the evidence that he sustained an occupational injury).

Here, there is no evidence that Ms. Bryant had any pre-existing injuries. Additionally, on the Employees' and Physicians' Report of Occupational Injury form, a medical provider completed the physician's portion of the form and indicated Ms. Bryant suffered ankle pain from an occupational injury. Medical records indicate that the medical provider at the emergency room gave Ms. Bryant a work release form for three days and instructed her to follow up with Dr. Ted Jefferson. Ms. Bryant also testified to a medical diagnosis of a sprained ankle by Dr. McCleary. As such, the Board was not clearly wrong in finding that Ms. Bryant proved by a preponderance of the evidence that she sustained an occupational injury and remanding the claim to the claim administrator with directions that it issue a protestable order regarding compensable conditions and temporary total disability benefits.

As the SCAWV has held, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order, which rejected the claim

Accordingly, we affirm the Board's March 13, 2025, order.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5