# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CABELL COUNTY COMMISSION,**
**Employer Below, Petitioner**

**FILED**
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-4**          (JCN: 2024006162)

**DAVID L. EDGAR,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cabell County Commission ("Cabell") appeals the December 5, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent David L. Edgar filed a response.[1] Cabell did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Edgar submitted an Employees' and Physicians' Report of Occupational Injury or Disease dated September 30, 2023, alleging that he sustained an injury to his back and left leg on September 23, 2023, while lifting a large patient from the ground. The physician's section indicated that Mr. Edgar injured his lower back and left leg and foot as a direct result of an occupational injury.[2] An x-ray of the lumbar spine dated September 29, 2023, revealed chronic L5 spondylolysis and left L5-S1 paracentral disc herniation/extrusion with sequestered disc.

---

[1] Cabell is represented by James W. Heslep, Esq. Mr. Edgar is represented by G. Patrick Jacobs, Esq.

[2] Prior to the compensable injury at issue, Mr. Edgar filed two previous claims for lower back injuries in 2018 and 2020. It is unclear from the record whether those claims were held compensable. An MRI of the lumbar spine dated September 27, 2018, revealed an L5-S1 central herniated nucleus pulposus with no nerve root compression. A CT of the lumbar spine dated May 28, 2020, revealed no acute findings.

1

On April 10, 2024, Natavoot N. Chongswatdi, M.D., authored two correspondences indicating that he was treating Mr. Edgar for a work-related injury. Dr. Chongswatdi diagnosed Mr. Edgar with a herniated disc with nerve root compression. Dr. Chongswatdi noted that Mr. Edgar had a prior back injury with a possible herniated disc with no nerve root compression. Dr. Chongswatdi's review of the 2023 MRI revealed left-sided nerve root impingement with disc fragments. Dr. Chongswatdi opined that due to the findings on the MRI in 2023, Mr. Edgar sustained a new injury that aggravated a pre-existing condition. Dr. Chongswatdi further opined that Mr. Edgar was not at maximum medical improvement ("MMI") and was unable to return to work.[3]

Mr. Edgar was evaluated by David L. Soulsby, M.D., on February 20, 2024. Mr. Edgar reported that he injured his back while helping to lift a patient, and that he continued to work until September 29, 2023, when the pain became severe. Dr. Soulsby assessed L5-S1 herniated nucleus pulposus on the left. Dr. Soulsby opined that there was a reasonable medical probability that the work injury caused reinjury or aggravation of the prior disc pathology at L5-S1. Dr. Soulsby found that Mr. Edgar was not at MMI and was not able to return to full-duty work.

Mr. Edgar was deposed on August 1, 2024, and he testified that while lifting a large patient weighing approximately 400 to 450 pounds onto a stretcher on September 23, 2023, he noticed pain in his back. Mr. Edgar further testified that on September 29, 2023, he was unable to get out of bed on his own, so he went to the ER and was admitted for five days. Mr. Edgar testified that he had lower back pain that radiated towards the left hip and down the left leg, that his left leg gave out at times, and that he had numbness from his front left shin down to the top of his left foot. Mr. Edgar further testified that between June 20, 2020, when he started working for the employer, and September 23, 2023, he received no medical treatment for his low back, had no job restrictions, and had no back problems. Mr. Edgar testified that he was unable to return to work due to his work injury.

On December 5, 2024, the Board reversed the claim administrator's order rejecting the claim. The Board found that Mr. Edgar established that he sustained a discrete new injury in the course of and resulting from his employment on September 23, 2023. Cabell now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[3] The Board noted that the record indicates that Mr. Edgar was off work from September 29, 2023, through September 11, 2024.

2

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Cabell argues that the medical evidence establishes that Mr. Edgar has sustained multiple prior low back injuries, and that Dr. Soulsby opined that his current symptoms are most likely related to his prior lumbar disc injuries. Further, Cabell argues that radiculopathy is a symptom and not a compensable diagnosis. We disagree.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

The Supreme Court of Appeals of West Virginia ("SCAWV") held, in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id.* at 738, 783 S.E.2d at 858, syl. pt. 3

The SCAWV clarified its position in *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022), holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Id.* at 294, 879 S.E.2d at 781, syl. pt. 5

Here, the Board determined that Mr. Edgar established that he sustained a discrete new injury in the course and resulting from his employment on September 23, 2023. The Board analyzed the facts under the SCAWV's holdings in *Gill* and *Moore* and found that Mr. Edgar had not previously been diagnosed with, reported symptoms of, or received treatment for lumbar radiculopathy. The Board noted that the imaging performed prior to the compensable injury did not show compression or impingement of a nerve, while the imaging performed after the injury revealed left sided nerve impingement at L5-S1. The Board found that the evidence supports a diagnosis of lumber radiculopathy.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Edgar established that he sustained a discrete new injury in the course and resulting from his employment on September 23, 2023. Further, we conclude that the Board was not clearly wrong in finding that the evidence supports a compensable diagnosis of lumbar radiculopathy. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order rejecting the claim.

We note Cabell's argument that radiculopathy may not be held compensable because it is a symptom and not a diagnosis and find that there is no legal basis to support such an argument. The SCAWV has repeatedly found that radiculopathy is a diagnosis that can be held compensable and upheld such findings from lower courts. We further note that in *Moore*, the claimant was found by the SCAWV to have compensable radiculopathy.

Accordingly, we affirm the Board's December 5, 2024, order.

4

Affirmed.

**ISSUED:**  August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White