IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**REBECCA HARPER,**
**Claimant Below, Petitioner**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-101**        (JCN: 2024026299)

**CITY OF ELKINS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rebecca Harper appeals the February 10, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent City of Elkins ("Elkins") filed a response.[1] Ms. Harper did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 15, 2024, Ms. Harper alleges that she suffered an occupational injury to her right knee while employed by Elkins as a municipal court judge. An x-ray of Ms. Harper's right knee on August 15, 2024, revealed mild degenerative changes and small joint effusion. The claim administrator issued a Request for Information dated August 21, 2024. The claim administrator noted that it had received a report of injury regarding an alleged work injury sustained on August 15, 2024. Ms. Harper was informed that she needed to complete an Employees' and Physicians' Report of Occupational Injury or Disease to initiate her claim.

On August 22, 2024, Ms. Harper underwent an MRI of her right knee revealing a tear of the posterior horn of the medial meniscus with associated knee joint effusion and a small Baker's cyst, mild degenerative changes and spurring in the medial compartment of the right knee, articular cartilage loss in the apex and medial facet of the patella, minor tendinitis in the popliteus tendon, and a lower MCL strain.

---

[1] Ms. Harper is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq., Bailey, Stultz & Greene, PLLC. Elkins is represented by James W. Heslep, Esq., Jenkins Fenstermaker, PLLC.

The Board indicated that Ms. Harper submitted an Employees' and Physicians' Report of Occupational Injury or Disease dated August 28, 2024. Ms. Harper indicated that on August 15, 2024, she was descending stairs when she heard a pop and developed burning pain in her right knee. The physician's section of the claim application was not completed by a medical provider. On the same day, Ms. Harper was seen by William Post, M.D. Ms. Harper presented with varus osteoarthritis of the right knee, a complex tear of the right medial meniscus, right knee effusion, and varus osteoarthritis of the left knee. Dr. Post recommended physical therapy ("PT") for arthritis and a right knee injection.

The claim administrator issued an order dated August 28, 2024, rejecting the claim based on a finding that Ms. Harper did not sustain an injury in the course of and resulting from her employment. Ms. Harper protested this order.

On October 8, 2024, Ms. Harper began treating with Edward McDonough, M.D., for right knee pain. Ms. Harper reported that she noticed swelling and bruising on her right knee following her injury. Ms. Harper indicated that she had participated in four to five weeks of PT without any improvement in her pain. Following the injury, Ms. Harper stated that she has catching, locking, and pain in her right knee. Dr. McDonough noted that x-rays of the right knee revealed medial compartment osteoarthritis, while an MRI of the right knee showed a medial root tear of the meniscus with extrusion. Dr. McDonough opined that Ms. Harper's right knee symptoms were most likely due to the medial meniscus tear seen on imaging. After discussing treatment options, Ms. Harper elected to proceed with operative treatment following continued PT.

Ms. Harper was deposed on November 13, 2024, and she testified that she suffered a work injury on August 15, 2024, while she was walking down a stairwell at work. Ms. Harper stated that when she went to take a step down the stairs, she felt burning in the back of her right knee and heard a large pop. She further stated that she was able to hold onto the stair railing and prevent herself from falling forward. Ms. Harper testified that she did not slip or trip while descending the stairs, the only thing she was carrying at the time of the incident was her phone and her office keys in her left hand, and that she did not notice any wetness or anything slippery or slick on the stairs. Ms. Harper stated that she sought medical treatment after work on the day of the injury. Ms. Harper testified that she was aware that she had arthritis in her right knee, but she was not having any problems with her right knee prior to the August 15, 2024, incident at work.

On December 3, 2024, Ms. Harper followed up with Dr. McDonough. Ms. Harper continued to complain of catching and locking sensations in the right knee with pain over the posteromedial portion of the right knee. Initial physical exam and MRI findings were consistent with a root tear of the posteromedial meniscus with extrusion of the medial meniscus. Dr. McDonough had previously recommended right knee arthroscopy with repair versus debridement of the medial meniscus root.

On February 10, 2025, the Board affirmed the claim administrator's order, which rejected the claim. The Board found that Ms. Harper's injury was not causally related to her employment. Ms. Harper now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Ms. Harper argues that her claim should be compensable under *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022).[2] Ms. Harper further argues that she was in the middle of her workday and moving from one office to another for a meeting

---

[2] The Supreme Court of Appeals of West Virginia held in Syllabus Point 5 of *Moore*:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

when the injury occurred. Finally, Ms. Harper argues that there is no medical evidence of record establishing that anything other than her work injury was the cause of her symptoms.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

Here, the Board determined that:

The claimant was descending a non-defective set of stairs following a meeting when she felt pain in the back of her right knee and heard a loud pop. The claimant testified that the stairs were not wet, slippery, or slick, and there is no evidence of any obstacle, obstruction, or defects on the stairs. The claimant testified that she did not slip or trip while descending the stairs, and the only items she was carrying at the time were her phone and office keys in her left hand. The act of walking down a set of stairs is a normal activity of daily living, and there is no evidence to support a finding that the claimant's employment required her to use stairs more frequently than a member of the general public. Thus, the claimant's risk of being injured while descending the stairs at work was not qualitatively peculiar to her employment, nor did she face an increased quantity of risk. Therefore, based upon the evidence of record, and for the reasons set forth above, the order of August 28, 2024, must be affirmed due to the lack of a causal connection between the claimant's right knee injury and her employment.

Upon review, we conclude that the Board was not clearly wrong in finding that Ms. Harper failed to establish that she suffered an injury resulting from her employment. The Board correctly analyzed this case for increased risk, pursuant to *Hood v. Lincare Holdings Inc.*, 249 W. Va. 108, 894 S.E.2d 890 (2023). It noted that the facts of this case are very similar to the facts in *Hood*, and that Ms. Harper did not establish that her walking down steps in the manner described in her deposition placed her at an increased risk of injury.

Further, as the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order rejecting the claim.

4

We do not find merit in Ms. Harper's argument that the presumption set forth in *Moore* should apply to her claim. The Board found that Ms. Harper had not established that her injury was causally related to her employment; thus, an analysis of the claim under *Moore* was not appropriate or necessary.

To the extent that Ms. Harper argues the Board erred in its failure to acknowledge Petitioner's employment required her to walk more stairs than she does in her normal life, we reject the reading of *Hood* as applying the increased-risk test as a subjective test rather than an objective test. Neutral risks are "neither distinctly employment nor distinctly personal" in character. 249 W.Va. at 113, 894 S.E.2d at 895. The test is whether the claimant is exposed to a risk qualitatively or quantitatively greater than the general public. *Id.* at 897, 249 W.Va. at 115.

Accordingly, we affirm the Board's February 10, 2025, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5