# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARSHALL COUNTY COAL RESOURCES,**
Employer Below, Petitioner

**v.) No. 25-ICA-246**  (JCN: 2024015115)

**JOSHUA KESSLER,**
Claimant Below, Respondent

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Marshall County Coal Resources ("MCCR") appeals the May 20, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Joshua Kessler filed a response.[1] MCCR did not reply. The issue on appeal is whether the Board erred in modifying the claim administrator's order dated November 1, 2024, which denied the addition of cervical disc displacement and strain of the muscle, fascia, and tendon at the neck level as compensable components of the claim; and reversing the claim administrator's order dated September 9, 2024, which closed the claim for temporary total disability ("TTD") benefits.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 22, 2024, while employed by MCCR, Mr. Kessler sustained an injury to his head when a concrete block wall that he was building fell, and a block struck him in the head and knocked him off a four-foot ladder. Mr. Kessler was transported to Reynolds Memorial Hospital by ambulance. Mr. Kessler denied loss of consciousness, denied neck or back pain, and denied any other injury. A cervical CT scan revealed moderately advanced C5-C6 degenerative disc disease, but no active cervical fracture. The assessment was closed head injury and dental abscess.

---

[1] MCCR is represented by Aimee M. Stern, Esq. Mr. Kessler is represented by Sandra K. Law, Esq.

[2] The Board's order modified the claim administrator's order dated November 1, 2024, and added cervical strain to the claim as a compensable condition.

1

Mr. Kessler completed an Employees' and Physicians' Report of Occupational Injury or Disease dated February 22, 2024, indicating that he suffered a head injury. Richard Houck, D.O., of Reynolds Memorial Hospital, completed the physician's section of the application and diagnosed a head injury. On February 26, 2024, Mr. Kessler was seen by Erona Reza, M.D., and Brandon Glover, M.D., who noted that Mr. Kessler reported that he had experienced constant headaches since February 22, 2024, and bruising on his ribs, making it difficult to breathe. The assessment was a head injury due to trauma and concussion.

On February 27, 2024, Mr. Kessler began treatment with Marcus Cervantes, M.D. Mr. Kessler complained of constant headaches, intermittent dizziness, and twitching in his right eye. Dr. Cervantes noted a linear abrasion, approximately three inches long, to the left temple and mild edema. Dr. Cervantes indicated that Mr. Kessler had a normal range of motion of his neck with no rigidity or tenderness. The assessment was a head injury due to trauma.

On March 1, 2024, Mr. Kessler was seen by Aaron Monseau, M.D., who diagnosed a concussion. Mr. Kessler reported that he continued to have significant headaches. Dr. Monseau recommended a neurology referral. The claim administrator issued an order dated March 5, 2024, holding the claim compensable for a concussion without loss of consciousness.

Mr. Kessler followed up with Dr. Cervantes on March 12, 2024. Mr. Kessler reported no improvement since the last evaluation with the concussion clinic. He diagnosed a concussion without loss of consciousness and referred Mr. Kessler to physical therapy. Dr. Cervantes completed an Attending Physician's Report dated March 18, 2024, indicating that Mr. Kessler was unable to return to full duty work.

On March 18, 2024, Mr. Kessler began treatment with Michael Ebbert, D.O., a neurologist. Dr. Ebbert assessed concussion without loss of consciousness, cervical strain, occipital neuritis, imbalance, convergence insufficiency, and post-traumatic headache. He referred Mr. Kessler to physical therapy and occupational therapy. On March 20, 2024, a physical therapy evaluation was completed by Teresa Rice, PT. Ms. Rice reported that Mr. Kessler complained of dizziness, imbalance, headaches, anxiety, and difficulty sleeping. Ms. Rice recommended physical therapy for vestibular rehabilitation and medical management of his anxiety and sleep. On March 28, 2024, Dr. Cervantes noted that Mr. Kessler did not think he could return to work safely and that balance impairment is his biggest issue. Dr. Cervantes diagnosed a concussion without loss of consciousness, traumatic injury of the head, and strain of the neck.

From April 5, 2024, through August 6, 2024, Mr. Kessler underwent physical therapy at Healthworks Rehab and Fitness. The recommendations included skilled

intervention to decrease pain, improve balance, improve function, improve motor control, increase range of motion, and increase strength. On May 21, 2024, Mr. Kessler reported that he continued to experience constant headaches and tightness in his neck. Mr. Kessler was instructed to continue with rehabilitative therapy two times per week for an additional four weeks.

On April 15, 2024, Dr. Ebbert stated that Mr. Kessler had anxiety and panic attacks. On April 18, 2024, Dr. Cervantes expressed concern regarding Mr. Kessler's balance issues. On April 25, 2024, Mr. Kessler underwent a cervical MRI revealing degenerative spondylosis of the cervical spine, most notably at C5-C6, where there was moderate to severe bilateral neural foraminal stenosis. On April 29, 2024, Dr. Cervantes opined that an MRI was consistent with degenerative changes with no acute findings attributable to head injury.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation of Mr. Kessler on May 15, 2024. The assessment was a head injury with concussion. Dr. Mukkamala concluded that Mr. Kessler should complete the electrodiagnostic evaluation, which was scheduled for May 30, 2024. Dr. Mukkamala opined that Mr. Kessler had not reached maximum medical improvement ("MMI").

On May 30, 2024, Dr. Ebbert stated that he suspected that the concussive injury was still playing a minor role in Mr. Kessler's symptoms. On June 20, 2024, Dr. Ebbert opined that cervical strain was an additional component of the cranio-cervical trauma.

Gerald Steiman, M.D., a neurologist, completed an independent medical evaluation of Mr. Kessler dated July 24, 2024. Dr. Steiman concluded that Mr. Kessler had reached MMI for the allowed condition of concussion without loss of consciousness. With regard to Mr. Kessler's ongoing neck pain, Dr. Steiman opined that even a severe cervical sprain/strain should resolve in three to six months. Dr. Steiman noted that a cervical MRI demonstrated multi-level degenerative joint and disc disease. Dr. Steiman opined that the totality of Mr. Kessler's current symptom complex bore no relationship to the diagnosis of concussion without loss of consciousness, and that Mr. Kessler's continued and ongoing symptomatology could not be explained by a single and isolated concussion.

On August 7, 2024, Dr. Cervantes authored a report indicating that Mr. Kessler reported he could not return to work with his current symptoms. Dr. Cervantes opined that a Functional Capacity Evaluation should be considered.

The claim administrator issued an order dated September 9, 2024, closing the claim for TTD benefits based on Dr. Steiman's finding that Mr. Kessler was at MMI. Mr. Kessler protested this order. On October 23, 2024, Mr. Kessler submitted a request for the addition of cervical strain and C5-C6 disc bulge to the claim as compensable conditions. The claim

3

administrator issued an order dated November 1, 2024, denying the request to add cervical disc displacement, strain of muscle, fascia, and tendon at the neck level as compensable components of the claim. Mr. Kessler protested this order.

On May 20, 2025, the Board modified the claim administrator's order dated November 1, 2024, which denied the addition of cervical disc displacement and strain of the muscle, fascia, and tendon at the neck level as compensable components of the claim; and reversed the claim administrator's order dated September 9, 2024, which closed the claim for TTD benefits. The Board found that the preponderance of the evidence established that the diagnosis of cervical strain is causally related to the compensable injury. The Board further found that Mr. Kessler's entitlement to TTD should be reevaluated, given the addition of cervical strain to the claim as a compensable condition. MCCR now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

MCCR argues that the medical evidence establishes that Mr. Kessler did not suffer a cervical strain as a result of the compensable injury. MCCR further argues that Mr. Kessler did not report neck pain until one month after the injury and has made inconsistent statements regarding neck pain following the compensable injury. We disagree.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury (2) received in the course of employment and (3)

4

resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

Here, the Board found that a preponderance of the medical evidence establishes that the diagnosis of cervical strain is causally related to the compensable injury. The Board noted that both Dr. Ebbert and Dr. Cervantes assessed Mr. Kessler with cervical strain or neck strain, and that Dr. Ebbert opined that the cervical strain was related to the compensable injury. The Board further noted that Mr. Kessler's cervical spine was asymptomatic prior to the compensable injury, and it applied the principles of *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022); *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016) (memorandum decision); and *Blackhawk Mining, LLC v. Argabright*, 251 W. Va. 549, 915 S.E.2d 7 (Ct. App. 2023), *aff'd*, *Argabright v. Blackhawk Mining, LLC*, No. 23-381, 2024 WL 3984505 (W. Va. Aug. 27, 2024) (memorandum decision). Thus, the Board concluded that due to the lack of cervical symptoms prior to the compensable injury, and Mr. Kessler's cervical complaints after the injury, that a cervical strain is related to the compensable injury. Finally, given that an additional compensable condition was added to the claim, the Board also reversed the closure of the claim for TTD and remanded the claim back to the claim administrator for a determination of whether Mr. Kessler is entitled to TTD for cervical strain.

Upon review, we conclude that the Board was not clearly wrong in finding that the preponderance of the medical evidence established that the diagnosis of cervical strain is causally related to the compensable injury. Further, we conclude that the Board was not clearly wrong in reversing the closure of TTD and remanding the claim back to the claim administrator for a determination regarding TTD, given that cervical strain has been added to the claim as a compensable condition. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in modifying the claim administrator's order dated November 1, 2024, which denied the addition of cervical disc displacement and strain of the muscle, fascia, and tendon at the neck level as compensable components of the claim; and reversing the claim administrator's order dated September 9, 2024, which closed the claim for TTD benefits.

Accordingly, we affirm the Board's May 20, 2025, order.

Affirmed.

5

**ISSUED:**  December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White