# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GRACIOUS DINING, LLC,**
**Employer Below, Petitioner**

**FILED**
**February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-336**        (JCN: 2024009187)

**MIRIAM LOPEZ,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gracious Dining, LLC, ("Gracious") appeals the July 17, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Miriam Lopez filed a response.[1] Gracious did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 11, 2023, Ms. Lopez presented to the emergency room ("ER") at United Hospital Center with complaints of a head injury and pain in her right wrist and left ankle after tripping and falling at work. Ms. Lopez reported that she tripped and fell forward, striking her head and briefly losing consciousness. She noted that her ankle and wrist pain were present prior to her fall at work. Her past medical history included a diagnosis of cerebral palsy, diabetes, and spasticity. A CT scan of Ms. Lopez's brain revealed no acute intracranial process, and x-rays of her right wrist and left ankle revealed no bony abnormalities. The assessment was fall, head injury, and concussion.

Ms. Lopez filed an Employees' and Physicians' Report of Occupational Injury or Disease dated November 12, 2023, indicating that while she was an employee of Gracious she was outside taking an order when she tripped and fell, hitting her head on the pavement. She alleged injuries to her head and right wrist. The physician's section of this claim

---

[1] Gracious is represented by Jane Ann Pancake, Esq., and Jeffrey B. Brannon, Esq. Ms. Lopez is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

application was completed by a medical provider at United Health Center on November 12, 2023. The provider indicated that Ms. Lopez had sustained an occupational injury resulting in a concussion.

On November 13, 2023, Ms. Lopez was seen at the WVU Medicine ER for neurologic symptoms following a fall. Ms. Lopez's mother stated that Ms. Lopez experienced an unwitnessed syncopal event earlier in the day, and she was found lying on the floor on her back, as if she had fallen from a standing position. Ms. Lopez's mother also noted that Ms. Lopez had recently suffered a head injury at work. It was noted that Ms. Lopez lost consciousness after the fall and her co-workers, who witnessed the event, reported that she was difficult to arouse following the fall, but she eventually regained consciousness. Ms. Lopez reportedly attempted to continue working but had an unsteady gait and slowed speech, so her parents were called to come and pick her up, and she was treated in the ER. Ms. Lopez's mother stated that she developed worsening headaches with photophobia, visual disturbances, flashes of bright color, and diminished mental acuity following the fall at work. A CT scan of Ms. Lopez's brain was performed and compared to a prior CT scan. The new scan showed no abnormalities and Ms. Lopez was assessed with a concussion.

Ms. Lopez received treatment from Ellis Frazier, M.D., from March 27, 2015, through April 10, 2024. In a letter from Dr. Frazier dated November 13, 2023, it was noted that Ms. Lopez had recently suffered a work-related fall resulting in a closed head injury. Dr. Frazier indicated that Ms. Lopez developed an obvious altered mental status and suspected cognitive changes following the fall. Ms. Lopez's injury had required repeat emergency room evaluations, and Dr. Frazier anticipated that Ms. Lopez would likely require a neurological specialty evaluation along with further testing. Dr. Frazier opined that Ms. Lopez's prolonged recovery period would make it difficult for her to keep up with her educational studies and testing obligations. He planned to re-evaluate Ms. Lopez in four to six weeks.

Dr. Frazier authored additional letters dated November 21, 2023, and December 26, 2023. He stated that Ms. Lopez had sustained a closed head injury with a resultant period of brief unconsciousness after a fall at work. He found that Ms. Lopez had developed an obvious altered mental status and cognitive changes following the recent injury and would likely require evaluation by a neurological specialist. Dr. Frazier extended Ms. Lopez's work excuse through January 27, 2024, and scheduled Ms. Lopez for follow up in five to six weeks.

The claim administrator issued an order dated December 14, 2023, rejecting the claim based upon the following findings: 1) Ms. Lopez was simply walking and her foot twisted; 2) there was nothing faulty with the sidewalk to cause the incident; and 3) walking is not considered an injury under workers' compensation. Ms. Lopez protested this order.

On July 17, 2025, the Board reversed the claim administrator's order, which rejected the claim. The Board found that Ms. Lopez established by a preponderance of the evidence that she sustained a concussion in the course of and resulting from her employment. Gracious now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Gracious raises three assignments of error, each arguing that the Board erred in finding that Ms. Lopez sustained a compensable injury as a result of a fall at her workplace on November 11, 2023, and cited to Ms. Lopez's medical records, which they contend establish that Ms. Lopez had significant cognitive issues prior to the subject fall. Further, Gracious suggests that the medical records relied upon by the Board in reversing the denial are based on an incorrect history of Ms. Lopez's fall at work.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970); *Sansom v. Workers' Comp. Comm'r*, 176 W. Va. 545, 346 S.E.2d 63 (1986).

Upon review, we conclude that the Board was not clearly wrong in finding that, based on a preponderance of the medical evidence, Ms. Lopez fell and hit her head, thus suffering a concussion in the course of and resulting from her employment with Gracious.

3

The record reflects that Ms. Lopez was diagnosed by multiple medical providers with a closed head injury/concussion following the underlying fall. The Board particularly noted the opinion of Dr. Frazier, who treated Ms. Lopez on multiple occasions both before and after the underlying fall, and his determination that Ms. Lopez sustained a closed head injury as a result of the fall and that she had developed new symptoms after the fall. Given such evidence, we find no error.

As the SCAWV has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, based on the foregoing, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order rejecting the claim.

Accordingly, we affirm the Board's July 17, 2025, order.

Affirmed.

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

4